PUVALOWSKI LAW, P.C.
40 Wall Street, 41st Floor
New York, New York 10005
(646) 200-6326

Kevin R. Puvalowski, Esq.                                              kpuvalowski@KRPLawPC.com

April 4, 2018

*Via ECF*

Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12C
New York, New York 10007

    Re:    <u>SEC v. Gaughran and Clune</u>
             17 Civ. 10026 (GHW)

Dear Judge Woods:

      This firm represents Defendant Kevin Clune in the above-referenced matter. I write to respectfully request, pursuant to Section 2(c) of Your Honor's Individual Rules and Procedures, that a pre-motion conference be scheduled with respect to Mr. Clune's intention to make a motion to stay discovery pending determination of the Defendants' anticipated motions to dismiss.

      "[U]pon a showing of good cause a district court has considerable discretion to stay discovery" pursuant to Fed. R. Civ. P. 26(c). *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.,* No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); *accord Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.,* No. 08 Civ. 2437 (RJS), 2009 WL 274483, at *1 (S.D.N.Y. Feb. 3, 2009). The law is clear that, in some circumstances, a pending motion to dismiss may constitute "good cause" for a protective order staying discovery. *See Brooks v. Macy's, Inc.,* 2010 WL 5297756, at *1 (S.D.N.Y. Dec. 21, 2010); *Picture Patents, LLC v. Terra Holdings LLC,* 2008 WL 5099947, at *2 (S.D.N.Y. Dec. 3, 2008). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Alford v. City of New York,* No. CV 2011–0622 (ERK)(MDG), 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012) (citation omitted). In deciding such a motion, courts consider: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Brooks,* 2010 WL 5297756, at *2 (citation and internal quotation marks omitted); *accord Integrated Sys. & Power, Inc.,* 2009 WL 2777076, at *1.

      We submit that all three of these factors militate in favor of a stay. First, although no formal discovery requests have yet been made — and thus we do not know the full breadth of any new discovery that might be sought — we do know that Plaintiff Securities and Exchange

Commission (the "SEC") has a substantial amount of investigative material to turn over to the defense, including multiple document productions and numerous on-the-record interviews. Even if the additional discovery to be conducted in this case is not itself voluminous, absent the requested stay, the deadlines imposed through a pretrial order will require the defense to begin reviewing the significant investigative materials before a decision is rendered on the motions.

Second, we submit that the relative prejudice here clearly supports a stay. The SEC has been investigating this matter since at least some time in 2016, and it brought an action against Mr. Rogicki and Train, Babcock & Associates ("TBA") in October 2017. Indeed, the SEC has already effectively taken very substantial discovery in this matter: the SEC has collected several rounds of document productions, not only from the wrongdoers Mr. Rogicki and Train, Babcock & Associates ("TBA"), but also from Mr. Clune (who on his own initiative produced documents because he sublet space at TBA); the SEC has also already had the opportunity to interview and take sworn testimony from many of the people involved in this matter, including a lengthy on-the-record interview of Mr. Clune in March 2017. Though the SEC can of course can elect to engage in additional discovery under the Federal Rules of Civil Procedure, on this record the SEC cannot reasonably claim substantial prejudice from having to wait several months while the motions are decided to conduct such additional discovery.

Defendants, on the other hand, will clearly suffer substantial prejudice if discovery is permitted to go forward and the motions to dismiss are eventually granted. Mr. Clune is not alleged to have received any of the millions of dollars allegedly stolen by Rogicki, and the total amount alleged in the Complaint to have been paid to Mr. Clune in tax preparation fees represents only about $25,000 per year over the roughly 20 years that he prepared tax returns for the Foundation and Trust. Mr. Clune is not a man of significant means, and spending thousands of dollars, if not tens of thousands of dollars, engaging in discovery or reviewing the SEC's investigative material while the motions are decided would be a very substantial hardship, should the decision on the motions eventually make the expenditure of those resources unnecessary. *See Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.,* 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("Therefore, at this point in the litigation, proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources.").

Finally, although Defendants have not yet made their formal motions — and thus the Court cannot fully weigh their strength — the Court has already seen short outlines of the arguments to be made by each Defendant, and we submit that the motions to dismiss present substantial issues. Just the context of the claims here suggest that Defendants should be permitted to flesh out their arguments on dismissal before having to spend significant resources on discovery: Defendants are not alleged to have committed crimes or even primary violations themselves, and we submit that the SEC has failed to sufficiently allege its aiding and abetting theory because it has failed on both the knowledge and substantial assistance elements. Indeed, on its face, the SEC's Complaint clearly seeks to allege claims based on recklessness (the supposed failure to recognize so-called "red flags") rather than intentional conduct. We submit that if a defendant in any case deserves the benefit of the doubt to pursue a motion to dismiss before having to spend a fortune engaging in discovery it should be in a case such as this one

wherein a governmental agency seeks to impute liability for a third-party's wrongdoing through mere recklessness.[1]

In sum, the work to be done during discovery will be quite extensive (and thus quite expensive); the SEC has effectively already taken substantial discovery in this case and will not be prejudiced if it must wait a few months to take more; and the motions raise substantial issues in a case in which the alleged liability is imputed and based on reckless rather than intentional conduct. Under these circumstances, forcing Mr. Clune to expend significant resources to engage in discovery while his motion to dismiss is pending would be inequitable, and we urge the Court to find good cause to stay discovery until the motions to dismiss are decided.

We are available at the Court's convenience to answer any questions about this application. The SEC does not consent to the stay requested in the proposed motion.

Respectfully submitted,

PUVALOWSKI LAW, P.C.

By: /s/ Kevin R. Puvalowski
Kevin R. Puvalowski

---

[1] The arguments to be made in the motions to dismiss will apply to both of the SEC's claims and thus if the motions are successful the entire case would be dismissed. *See Rivera v. Heyman,* No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb.27, 1997) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.")