

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

DUGAN BLISS
TELEPHONE: (212) 336-0971
EMAIL:  blissd@sec.gov

June 13, 2018

**VIA ECF**

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12C
New York, New York 10007

    Re:    *Securities and Exchange Commission v. Gaughran and Clune,* 17-cv-10026

Dear Judge Woods:

    I write as counsel for Plaintiff Securities and Exchange Commission (the "SEC") in the above-referenced matter.  With the consent of counsel for Kevin Clune, Kevin Puvalowski, the SEC and Mr. Clune jointly request that any and all deadlines applicable to Mr. Clune, including for a motion to dismiss, be stayed pending filing of settlement documents for the Court's approval.  Mr. Clune and counsel for the SEC have reached a settlement agreement subject to approval by the SEC's Commissioners.[1]  Counsel for the SEC anticipates receiving a decision from the Commissioners within about eight weeks.  After that time, assuming the settlement agreement is approved, counsel for the SEC will submit documents necessary to obtain the Court's approval of the settlement.

    Respectfully submitted,

    /s/Dugan Bliss

    Dugan Bliss

cc:  Kevin Puvalowski, Esq.

---

[1] Only the SEC's Commissioners have authority to settle a securities enforcement action.  *See* 17 C.F.R. § 202.5(f).  The Commission cannot legally delegate to its staff final and binding authority to settle such a case.  Accordingly, in settlement negotiations the SEC's trial counsel attempt to negotiate a settlement proposal which they believe will be acceptable to the SEC's Commissioners.  These recommendations are usually accepted, although each Commissioner has his or her own views, and occasionally reject settlements proposed by the SEC's trial counsel.