

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

KATHERINE BROMBERG
TELEPHONE: (212) 336-0170
EMAIL: brombergk@sec.gov

November 5, 2018

**VIA ECF**

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12C
New York, NY 10007

   Re: *Securities and Exchange Commission v. Gaughran and Clune,* 17-cv-10026

Dear Judge Woods:

   Plaintiff Securities and Exchange Commission (the "Commission") and defendant Robert Gaughran ("Gaughran" or "Defendant") respectfully submit this joint letter seeking approval of the parties' settlement. As reflected in the attached settlement papers, the proposed consent judgment would: (1) enjoin Gaughran from violating the relevant anti-fraud provisions of the federal securities laws, (2) order Gaughran to pay disgorgement in the amount of $135,000 plus prejudgment interest in the amount of $10,029.69; and (3) order that Gaughran pay a civil penalty in the amount of $80,000. This proposed settlement is fair and reasonable, as explained below.

  **I.**  **Background**

   On December 22, 2017 the Commission filed its Complaint in this case, and on May 2, 2018 it filed its Amended Complaint. The Commission alleged that Defendant aided and abetted fraud by Train, Babcock Advisors, LLC ("TBA") and its former principal John H. Rogicki ("Rogicki"), which resulted in the theft by Rogicki of more than $9 million from Rogicki's and TBA's charity advisory client ("the Foundation"). Amended Complaint [Docket No. 39] ¶ 1. By virtue of the conduct alleged in the Complaint, the SEC alleges that Defendant aided and abetted violations of Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and 80b-6(2)] and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(a) and (c) thereunder [17 C.F.R. § 240.10b-5(a) and (c)]. *Id.* ¶ 7.

   The Complaint seeks relief in the form of permanent injunctions against Defendant from future violations of the Advisers Act provisions and the Exchange Act provisions that the Commission alleges he violated, disgorgement of ill-gotten gains, and a civil penalty. *Id.* ¶¶ 8-9.

The Honorable Gregory H. Woods
November 5, 2018

## II.     The Previous Commission Action and Criminal Action Against Rogicki

On October 19, 2017 Rogicki pled guilty to misappropriating more than $9 million from the Foundation in *The People of the State of New York v. John H. Rogicki*, Indictment # 3960-2017, before the Supreme Court of the State of New York, County of New York: Part 42. Rogicki was subsequently sentenced to serve 30 to 90 months in prison and pay $6,728,391.77 to the Foundation, of which he forfeited $2.5 million, in connection with his criminal plea.  On January 26, 2018 this Court entered a final judgment against Rogicki in SEC v. Rogicki, 17-cv-08071.

## III.    The Proposed Settlement Is Fair And Reasonable.

"[T]he proper standard for reviewing a proposed consent judgment involving an enforcement agency requires that the district court determine whether the proposed consent decree is fair and reasonable, with the additional requirement that the public interest would not be disserved . . . in the event that the consent decree includes injunctive relief." *SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014) (internal quotation marks and citations omitted).  The terms of the proposed judgment meet this standard.

First, an injunction against future violations of the relevant anti-fraud provisions is fair, reasonable, and in the public interest. "The job of determining whether the proposed S.E.C. consent decree best serves the public interest . . . rests squarely with the S.E.C., and its decision merits significant deference." *Id.* at 296.  Here, Defendant should be enjoined from committing securities fraud to protect the investing public, because "the commission of past illegal conduct is highly suggestive of the likelihood of future violations" as a matter of law. *SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 807 (2d Cir. 1975).

Next, ordering Gaughran to pay disgorgement in the amount of $135,000 plus prejudgment interest in the amount of $10,029.69 is fair and reasonable.  That amount represents monies obtained by Gaughran from his role as trustee of the Foundation from 2013-2016.  It was during this time that the Commission alleges that Defendant aided and abetted TBA and Rogicki in their theft by failing to identify and react to improper transactions in the Foundation accounts. The purpose of disgorgement is to deter violations of securities laws by depriving violators of their ill-gotten gains and to prevent unjust enrichment—that is, not allowing those who violate securities laws to gain by their illegal conduct. *SEC v. Fischbach Corp.*, 133 F.3d 170, 175 (2d Cir. 1997).

The Honorable Gregory H. Woods
November 5, 2018

       Finally, imposing a civil monetary penalty in this settled resolution is fair and reasonable. Under these circumstances, a civil penalty will provide appropriate punishment and deterrence. *See SEC v. Opulentica, LLC*, 479 F. Supp. 2d 319, 331 (S.D.N.Y. 2007) ("Civil penalties are designed to punish the individual violator and deter future violations of the securities laws.").

       For these reasons, the Court should approve the attached proposed judgment.

                               Respectfully submitted,

                               Katherine Bromberg

Enclosures

cc:     Gerald Krovatin, Esq.