USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/6/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

ROBERT GAUGHRAN and KEVIN CLUNE,

Defendants.

17 Civ. 10026 (GHW)
ECF Case

## FINAL JUDGMENT AS TO DEFENDANT ROBERT GAUGHRAN

The Securities and Exchange Commission having filed a Complaint and Defendant

Robert Gaughran having entered a general appearance; consented to the Court's jurisdiction over

Defendant and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction and

except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of

law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 206(1) and

Section 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1)

and 80b-6(2)], by using any means or instrumentality of interstate commerce, or of the mails:

    (a)    to employ any device, scheme, or artifice to defraud clients; or

    (b)    to engage in any transaction, practice, or course of business which operates as a

            fraud or deceit upon clients.

1

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is liable for disgorgement of $135,000, representing profits gained as a result of the conduct

alleged in the Complaint, together with prejudgment interest thereon in the amount of

$10,029.69, and a civil penalty in the amount of $80,000 pursuant to Section 209(e) of the

Advisers Act [15 U.S.C. § 80b-9(e)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §

78u(d)(3)]. Defendant shall satisfy this obligation by paying $225,029.69 to the Securities and

Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Robert Gaughran as a defendant in this action; and specifying that payment is made

pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action. By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall

4

not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.


Dated:  ___November 6 , 2018___

_____
GREGORY H. WOODS
United States District Judge

5